# United States District Court

for

*District of Guam*

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender: **Mohamed Omar Samidon**  Case Number: **CR 01-00077-001**

Name of Sentencing Judicial    John S. Unpingco

Date of Original Sentence:    January 14, 2002

| | |
|---|---|
| Original Offense: | Importation of Crystal Methamphetamine aka "ice", in violation of 21 U.S.C. §§ 952(a) & 960. |
| Original Sentence: | 60 months imprisonment followed by five years supervised release with conditions that he participate in a substance abuse assessment and treatment if deemed necessary, undergo a mental health assessment and undergo treatment if recommended, refrain from any use of alcohol, obtain and maintain gainful employment, perform 400 hours of community service, and pay a $100 special assessment fee. |

Type of Supervision: Supervised Release       Date Supervision Commenced: July 25, 2005

Assistant U.S. Attorney:  Marivic P. David       Defense Attorney: John T. Gorman

## PETITIONING THE COURT

☐ To issue a warrant.

☒ To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

<u>Violation Number</u>    <u>Nature of Noncompliance</u> [All in violation of 18 U.S.C. § 3583(d)]

1.    <u>Mandatory condition:</u> *The defendant shall not commit another federal, state, or local crime*. **Arrested by Guam Police Department (GPD) 8/13/07 for Local Offenses - Forgery and Theft by Deception**

U.S. Probation Officer Recommendation:

☐ The term of supervision should be

☒ revoked.

☐ extended for _____ years, for a total term _____ years.

☐ The conditions of supervision should be modified as follows:

**Please see attached**
*Declaration in Support of Petition,*
*Violation of Supervised Release Conditions; Request for a Summons*
**submitted by U.S. Probation Officer Robert I. Carreon**

Reviewed by:

/s/ CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader

Date: September 13, 2007

I declare under penalty of perjury that the forgoing is true and correct.

/s/ ROBERT I. CARREON
U.S. Probation Officer

Executed on: September 13, 2007

**THE COURT ORDERS:**

☐ No Action.

☐ The Issuance of a Warrant.

☐ The Issuance of a Summons.

☐ Other.

# VIOLATION WORKSHEET

1. Defendant   **Mohamed Omar Samidon**
2. Docket Number (Year-Sequence-Defendant No.)   **CR 01-00077-001**
3. District/Office   0993/1
4. Original Sentence Date   1 / 14 / 02
   (month / day / year)

(If different than above):

5. Original District/Office
6. Original Docket Number (Year-Sequence-Defendant No.)

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Arrest for local offense, to wit: Forgery and Theft by Deception on August 13, 2007 | B |

8. Most Serious Grade of Violation (see §7B1.1(b))   **B**
9. Criminal History Category (see §7B1.4(a))   **I**
10. Range of Imprisonment (see §7B1.4(a))   **4-10** months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002**

Case 1:01-cr-00077   Document 31-2   Filed 09/17/2007   Page 1 of 2

Defendant: **Mohamed Omar Samidon**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | Fine ($) | N/A | Home Detention | N/A |
    | Other | N/A | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 50-56 mos

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. **Official Detention Adjustment** (see §7B1.3(e)):   0   months   0   days

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002**

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 01-00077-001 |
| Plaintiff, ) | |
| ) | **DECLARATION IN SUPPORT OF PETITION** |
| vs. ) | |
| MOHAMED OMAR SAMIDON, ) | |
| Defendant. ) | |

**Re: Violations of Supervised Release Conditions; Request for a Summons**

    I, U.S. Probation Officer Robert I. Carreon, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Mohamed Omar Samidon and in that capacity declare as follows:

    Mr. Samidon is alleged to have committed the following violation, which is in violation of *18 U.S.C. § 3583(d)*:

**<u>Mandatory Conditions:</u>** *The defendant shall not commit another federal, state, or local crime.*
    Upon review of the Hagatna Detention Facility (HDF) Daily Confinement Sheet on August 14, 2007, the U.S. Probation Office was alerted that Mohamed Omar Samidon was confined on August 13, 2007, relative to an arrest by the Guam Police Department (GPD) under Case No. KY07-22689 on charges of Forgery and Theft by Deception. GPD Officers POI R.Z. Perez and POI Y.Kim contributed to the arrest report which outlined the following information:

On August 13, 2007 Mr. Glenn H. Shibao reported to the Hagatna Police Precinct and filed a complaint that an unknown individual had fraudulently obtained and cashed his Guam income tax return checks. According to Mr. Shibao, he confirmed with the Guam Department of Revenue and Taxation (hereafter, Rev & Tax) on this date that his 2004 and 2005 income tax return checks were processed and available for him. He was instructed to report to the Office of the Treasurer of Guam to pick up the checks, however, upon reporting there, he was told that his checks had already been cashed at the Bank of Hawaii. Accordingly, Mr. Shibao proceeded to the Bank of Hawaii and confirmed that his checks were fraudulently cashed. He was advised by the bank to file a report to the police.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Summons
Re:    SAMIDON, Mohamed
Criminal Case No. 95-00032-001
September 12, 2007
Page 2

On the above information, GPD officers proceeded to the Bank of Hawaii on August 13, 2007 to further investigate Mr. Shibao's complaint. Offficers met with Bank employee, Carlos K. Gonzales, who had knowledge of Mr. Shibao's claim with the bank. According to Mr. Gonzales, Mr. Shibao's income tax checks were deposited into an account opened by an individual named Mohamed Omar Samidon. Mr. Gonzales specified that Samidon used income tax check #87635 ($7,182.58) to open account #121485818 on February 26, 2007. In order to open the account, Mr. Samidon submitted his Guam Driver's License which the bank photocopied for it's records. Mr. Samidon then deposited a second income tax check # 87879 (totaling $6,981.94) on March 2, 2007 into the same account. A photocopy of the income tax checks deposited by Mr. Samidon were provided to officers, which revealed what appeared to be Mr. Shibao's signatures endorsing the checks for deposit. Mr. Gonzales stated that the following withdrawals on the respective dates were made to Mr. Samidon's account: $6,600 and $400 on March 2, 2007; $110 on March 5, 2007; $6,500 on March 8, 2007; and $266,00 on March 9, 2007.

Officers were notified by Mr. Shibao on August 13, 2007 that he had made contact with Mr. Samidon and that he agreed to meet him at his residence in Tumon. Officers met with Mr. Samidon at the residence and transported him to the Tumon precinct for questioning. He was read his Constitutional rights which he acknowledged and waived. From the interview, Officers noted the following information provided by Mr. Samidon:

Approximately four months ago, Mr. Samidon was struggling to find a job on Guam after losing his job with Continental Airlines. He overheard his former room-mate, Glenn Shibao, speak about his overdue Income Tax return checks. Mr. Samidon remembered that his former co-worker, namely Elmer LNU at the Starters Golf Resort in Yigo, mention that he has a personal contact within Rev & Tax who could obtain Income Tax returns in a short amount of time in exchange for 10% payment of the total balance of the check(s) to be received. Mr. Samidon then asked Elmer to retrieve and deliver Mr. Shibao's 2005 and 2006 Income Tax returns on his behalf. Mr. Samidon stated that upon paying Elmer the 10% as requested, he took possession of the checks and brought them to his home. There, he stated he forged Mr. Shibao's signature onto the checks. Mr. Samidon then opened a new account at the Bank of Hawaii in Hagatna and deposited the checks. He withdrew money out of that account four or five business days later for his personal use. He stated that he used the money to help pay for his mother's medical cast in Srilanka. Mr. Samidon apologized for the incident and stated that he knew it was wrong for him to commit such an act. He further stated that he would cooperate with the police and the Attorney General relative to this case. Mr. Samidon then provided the following written statement:

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Summons
Re:   SAMIDON, Mohamed
Criminal Case No. 95-00032-001
September 12, 2007
Page 3

> I got 2 checks (belong to Glenn Shibao) from Elmer about 4 months ago totaling $12,000 approx. I opened an account at Bank of Hawaii. After 4 working days I withdrew the money. I forged the signature from an old Business License application. I used the money for a family need. I also had to pay 10% of the check to be delivered. 10% of the check was paid to Elmer. Elmer has a source at Rev & Tax that could release the checks.

Mr. Samidon was charged with Forgery and Theft by Deception. He was subsequently booked and confined and the matter was forwarded to the Attorney General's Office for further disposition. According to the Superior Court of Guam Pretrial Services Office, the above case is docketed under CF 387-07 with a further Criminal Trial Setting scheduled for October 10, 2007. Mr. Samidon was released from local custody on August 31, 2007 on a $1,500 bond with conditions.

On September 4, 2007, Mr. Samidon reported to the U.S. Probation Office to discuss his arrest as outlined above. He admitted to the probation officer that he indeed fraudulently obtained Mr. Shibao's income tax checks, forged his signature for deposit to his bank account, and later withdrew the funds. He apologized for his offense and stated that he did it because he needed the money for a family emergency. Specifically, Mr. Samidon stated that he gave the money obtained from Mr. Shibao's income tax checks to his mother in Sri Lanka for treatment of a serious medical ailment. Mr. Samidon was informed that his arrest and statements above would be reported to the Court and that a violation hearing will be requested by the Probation Office accordingly. He was advised to comply with all current conditions of supervision. On September 6, 2007, Mr. Samidon voluntarily surrendered his U.S. Passport to the U.S. Probation Officer as requested to further minimize the risk of non-appearance at pending local and federal criminal proceedings.

**Supervision Compliance**: Mr. Samidon completed both the drug treatment/testing and mental health treatment programs on May 19, 2006. He paid the $100 special assessment fee on June 13, 2002 and submitted to mandatory DNA testing on September 15, 2005. Mr. Samidon has a remaining balance of 44 hours of community service.

**Recommendation:** This Officer respectfully requests that the Court issue a Summons for Mohamed Omar Samidon and upon its execution, he appear at a hearing to answer or show cause why supervised release should not be revoked, pursuant to 18 U.S.C. § 3583(e)(3).

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Summons
Re: SAMIDON, Mohamed
Criminal Case No. 95-00032-001
September 12, 2007
Page 4

    Executed this 13th day of September 2007, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

ROSSANNA VILLAGOMEZ-AGUON
Acting Chief U.S. Probation Officer

By:  /s/ ROBERT I. CARREON
U.S. Probation Officer

Reviewed by:

/s/ CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader

cc: Marivic P. David, AUSA
John T. Gorman, FPD
File